IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-616-CV





UNIVERSAL TECHNOLOGY AND COMMUNICATIONS, INC. D/B/A UTCC,


INCORPORATED A/K/A UNIVERSAL TECHNOLOGY AND 


COMMUNICATIONS CORPORATION,



 APPELLANTS


vs.





ROBERT C. ALBA D/B/A RCA,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 9301165, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 




PER CURIAM



 Appellant Universal Technology and Communications, Inc. d/b/a UTCC,
Incorporated a/k/a Universal Technology and Communications Corporation ("Universal
Technology") appeals from a judgment of the district court of Travis County in favor of appellee
Robert C. Alba, d/b/a RCA. The transcript was filed in this Court on November 19, 1993. See
Tex. R. App. P. 54(a). We granted Universal Technology's request for an extension of time
within which to file its brief and extended the time for filing the brief to March 7, 1994. See Tex.
R. App. P. 74(k), (n). Because Universal Technology has not filed its brief, we will dismiss the
appeal for want of prosecution. See Tex. R. App. P. 74(l)(1).

 We first address Universal Technology's counsel's motion to withdraw as counsel,
filed in the cause on February 22, 1994. On March 8, 1994, the Clerk of this Court notified
counsel, by postcard, that the motion did not comply with Texas Rule of Appellate Procedure 7. 
Specifically, the motion did not notify Universal Technology of any pending deadlines. See Tex.
R. App. P. 7. Furthermore, the motion does not clarify to whom the Clerk of this Court should
send notices of the Court's orders, opinion, and judgment for Universal Technology. See Tex.
R. App. P. 91.

 When counsel did not supplement or amend the motion to withdraw, the Clerk of
this Court notified him, by letter, to supplement the motion by April 29 with: (1) a showing that
he had notified Universal Technology of the pending deadlines and (2) the names and addresses
of the person or persons to whom the Clerk should now send notices. To date, counsel has not
supplemented the motion as requested. Because the motion does not comply with Rule 7, we
overrule the motion to withdraw as counsel. See generally 6 Richard Orsinger, Texas Civil
Appellate Practice § 2.13, at 50 (Texas Civil Practice 1992 ed.) (even when employment
relationship has ended, attorney of record will remain attorney of record until court permits
attorney to withdraw or to substitute counsel).

 By the same letter, the Clerk also notified counsel for Universal Technology that
its brief was due on March 7 and that the appeal was subject to dismissal for want of prosecution
for failure to file a brief unless Universal Technology filed a motion in compliance with Texas
Rule of Appellate Procedure 74(l)(1). See Tex. R. App. P. 60(a)(2). To date, Universal
Technology has filed neither a brief nor a motion requesting an extension of time within which
to file the brief. Accordingly, we dismiss the appeal for want of prosecution. Tex. R. App. P.
60(a)(2), 74(l)(1); Dickson v. Dickson, 541 S.W.2d 895, 896 (Tex. Civ. App.--Austin 1976, writ
dism'd w.o.j.).


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Prosecution

Filed: May 18, 1994

Do Not Publish